**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **Recall Marketing LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**The Home Depot, Inc.,**<br><br>    Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Recall Marketing LLC ("Recall"), through its attorney, complains of The Home Depot, Inc. ("Home Depot"), and alleges the following:

**PARTIES**

1. Plaintiff Recall Marketing LLC is a corporation organized and existing under the laws of Texas and maintains its principal place of business at 5068 West Plano Parkway, Suite 300, Plano, TX 75093.

2. Defendant The Home Depot, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Home Depot because it has engaged in systematic and continuous business activities in the Eastern District of Texas. Specifically, Home Depot provides its full range of services to residents in this District. As described below, Home Depot has committed acts of patent infringement giving rise to this action within this District.

**VENUE**

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Home Depot has committed acts of patent infringement in this District and has a regular and established place of business in this District. Specifically, Home Depot has retail stores in this District, including a store located at 4600 State Hwy., Plano, TX 75024. In addition, Recall has suffered harm in this district.

**PATENT-IN-SUIT**

7. Recall is the assignee of assignee of all right, title and interest in United States Patent No. 7,296,062 (the "'062 Patent" or the "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Recall possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Home Depot.

**The '062 Patent**

8. On November 13, 2007, the United States Patent and Trademark Office issued the '062 Patent. The '062 Patent is titled "Method for Generating a Presentation for Re-locating an Information Page that has Already Been Called." The application leading to the '062 Patent was filed on March 28, 2002 and claims priority to a German application filed on March 30, 2001. A true and correct copy of the '062 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9. The '062 Patent is valid and enforceable.

10. The inventors recognized that there was a need for Internet users to be able to view and return to a webpage they have previously visited. Ex. A at 2:36-41.

11. The invention in the '062 Patent provides a method for generating a presentation for the re-location of an information page that was already called proceeding from a home page of an information vendor, and which has been exited in the meantime. *Id.*, 2:17-28.

12. To this end, the inventors recognized the importance of tracking user shopping data, and the claimed invention therefore has the vendor server register users via cookies. *Id.*, 4:32-39. ("Via the cookie, the registration software running on the server 20 can thus register the computer 1, and thus indirectly register the user 5, when calling the home page 50 of the information vendor.").

**COUNT I: INFRINGEMENT OF THE '062 PATENT**

13. Recall incorporates the above paragraphs herein by reference.

14. **Direct Infringement.** Home Depot has been and continues to directly infringe at least claim 1 of the '062 Patent in this District and elsewhere in the United States by providing a method, for example, Home Depot's website, which generates a presentation for re-locating an information page that has been called, via a network selected from the group consisting of the Internet, an intranet, and an extranet, from a homepage of an information vendor having a vendor server and which has subsequently been exited. For example, Home Depot's website opens a dialog box showing recently viewed items and is placed on Home Depot's web pages. *See* Figures 1-3, available at: https://www.homedepot.com/.



*Figure 1. Showing that the first time a user enters the Home Depot website and a product information website is opened, there is no dialog box/section.*



*Figure 2. Showing that, when a second product information website is opened, then the dialog box/section is shown containing the product pages viewed by the user during that user's session.*

4



*Figure 3. Showing that, when a third product information website is opened, then the dialog box/section is shown containing the product pages viewed by the user during that user's session.*

15. Home Depot's website performs the step of claim 1(a): "having a user, via a user computer in communication with the vendor server, call a home page, comprising home page contents, of an information vendor, registering the user at the vendor server." For example, Home Depot's website allows users to visit Home Depot's website, open the home page, view the products offered by Home Depot, and register on the vendor server *via cookies*. *See* https://www.homedepot.com/ (Home Depot's "home page"); *see also* Ex. A, 4:32-39.

16. Home Depot's website performs the step of claim 1(b): "registering information pages of the information vendor called by the user directly and indirectly proceeding from the home page at the vendor server." For example, Home Depot's website temporarily stores the visited information product pages on a server, and the vendor server analyzes the Recently Viewed Cookie to build a new product page, including integration of the Recently Viewed section according to the current contents of the received Recently Viewed Cookie until the vendor server sends the new information product page and the updated Recently Viewed Cookie to the user computer. *See* Figures 1-3.

17. Home Depot's website performs the step of claim 1(c): "only temporarily generating a displayable presentation at the vendor server, for display at the user computer which visually identifies a sequence of the information pages of the information vendor called by the user, and deleting the presentation from the vendor server, with no storage of the presentation or the information pages at the vendor server, when the user exits an information session with the information vendor." For example, the product pages of Home Depot's website shown in the Recently Viewed dialog box are temporary. When browsing in incognito mode or after clearing cookies, the product pages from a previous session are no longer shown in the Recently Viewed dialog box. Even the Recently Viewed dialog box is not shown until a second product website is visited again. *See* Figure 4.



*Figure 4. Home Depot's website does not show product pages from a previous session in the recently viewed dialog box if cookies are cleared or the user browses in incognito mode.*

18. **Induced Infringement.** Home Depot has also actively induced, and continues to induce, the infringement of at least claim 1 of the '062 Patent by actively inducing its customers, including merchants and end-users to use Home Depot's website in an infringing manner as

6

described above. Upon information and belief, Home Depot has specifically intended that its customers use its website that infringe at least claim 1 of the '062 Patent by, at a minimum, providing access to support for, training and instructions for, its website to its customers to enable them to infringe at least claim 1 of the '062 Patent, as described above. Even where performance of the steps required to infringe at least claim 1 of the '062 Patent is accomplished by Home Depot and Home Depot's customer jointly, Home Depot's actions have solely caused all of the steps to be performed.

19. Recall is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

20. Recall will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## JURY DEMAND

21. Under Rule 38(b) of the Federal Rules of Civil Procedure, Recall respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Recall asks this Court to enter judgment against Home Depot, granting the following relief:

A. A declaration that Home Depot has infringed the Patent-in-Suit;

B. An award of damages to compensate Recall for Home Depot's direct infringement of the Patent-in-Suit;

C. An order that Home Depot and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be

preliminarily and permanently enjoined from infringing the Patent-in-Suit under 35 U.S.C. § 283;

D. An award of damages, including trebling of all damages, sufficient to remedy Home Depot's willful infringement of the Patent-in-Suit under 35 U.S.C. § 284;

E. A declaration that this case is exceptional, and an award to Recall of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

F. An award of prejudgment and post-judgment interest; and

G. Such other relief as this Court or jury may deem proper and just.

Dated: May 2, 2018

Respectfully submitted,

/s/ Isaac Rabicoff

Isaac P. Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

Kenneth Matuszewski
(708) 870-5803
kenneth@rabilaw.com

**Counsel for Plaintiff**